## JAMES A. COOK *vs.* ASAHEL TANNAR.

Upon an application for a mandamus the court must, under the statute regulating the proceeding, find the return, if sufficient, to be untrue, before it can issue a peremptory mandamus.

Where upon an application for a mandamus to compel a justice of the peace to certify the proper papers for an appeal from a judgment rendered by him, the justice in his return averred that no appeal had been taken, and the court found certain facts with regard to what was said and done at the time, which facts were only evidence tending to prove that an appeal was taken, but did not find the averment of the return that no appeal had been taken to be untrue, and thereupon issued a peremptory mandamus to the justice, it was held to be error.

APPLICATION for a mandamus; brought to the Court of Common Pleas of New London County, and heard before *Willey, J.*

The petition alleged that the respondent was a justice of the peace of the town of Preston in New London County, and as such, on the 29th day of March, 1873, rendered a judgment in a case brought before him, in which one Seth Main was plaintiff and the present petitioner defendant, which judgment was rendered against the defendant, and from which the defendant, the present petitioner, moved an appeal to the Court of Common Pleas at its June term, 1873, which motion was allowed; that the bond required on the appeal was fixed at thirty dollars, and that the defendant then and there offered to become bound in due form of law and offered surety upon the bond, to which bond and surety no objection was made by the appellee in the suit; that thereupon the justice refused to take the bond, and had ever since refused and neglected so to do, or to make out and furnish to the appellant copies of record in due form of law; praying the court to issue a writ of mandamus requiring the said Asahel Tannar, justice of the peace, to take the recognizance on the appeal in due form of law and to furnish the appellant copies of record in the suit for entry in the Court of Common Pleas, or signify cause to the contrary thereof to the court.

An alternative mandamus was issued by the court, to which the respondent made return, " that no motion was made to him, the said justice court, to appeal from the judgment aforesaid ; that no bond with surety was offered to said justice court to be taken by said court on an appeal, and that no appeal was allowed by said justice court from the said judgment thereof; and that he, the said justice, had no knowledge, until after said justice court had been adjourned without day, and execution had been issued and delivered to the plaintiff's counsel some weeks after judgment was rendered as aforesaid, that there was any claim on the part of the defendant that an appeal had been taken or attempted."

The petitioner made a general denial of the allegations of the return.    The court found the following facts, and made the finding a part of the record.

On the rendition of the judgment in the case of *Main* v. *Cook*, the defendant's counsel, who was sitting at the table near the justice, moved or gave notice of an appeal in words to this effect : " We shall appeal this case, your Honor ; " or " We appeal this case, your Honor."    The justice replied " That is your privilege."    The defendant's counsel turning to one John Stanton, who was present, said, " We offer our friend Mr. Stanton as surety in the usual sum of thirty dollars."    There was no dissent, or anything said concerning the bond or surety by the justice, the plaintiff, or his counsel, who was also sitting at the table near the justice ; and the justice testified on the trial of this cause that he did not hear the defendant's counsel say anything about any bond or offer said Stanton as surety.    There was a conversation had between counsel as to when the next term of the Court of Common Pleas was to be held.    The defendant's counsel asked the justice if he would leave the copies at his office in Norwich, as he was there frequently ; to which the justice replied, " Yes."    There was considerable noise in the room soon after the rendition of the judgment.    After the above conversation occurred, the defendant and his counsel went out of the room, and shortly after left for Norwich.    The defendant's counsel did not, nor did the defendant himself, offer the bond of recog-

nizance to the justice, nor ask the justice to take the bond otherwise than as above stated, nor did the justice at any time give notice, or say to the defendant, or to his counsel, that an appeal had not been allowed or had not been perfected.

About a week after the judgment had been rendered, the justice, at the request of the defendant, made up and taxed the costs, and soon after they were taxed the defendant called to see how they were taxed, and on finding that the justice had taxed full costs, told the justice he had erred in taxing more costs than damages, and said something about bringing a writ of error and went away.

The justice adjourned his court without day and issued execution. He retained the same about three weeks, and on demand of the plaintiff delivered it to him.

About the first of May, 1873, the plaintiff's counsel, seeing an announcement that the April term of the Court of Common Pleas had adjourned, went to the justice to see what had become of the case, whether the same had been appealed or not.

On the 26th of May the defendant and his counsel applied to the justice for copies, which the justice refused, claiming that no bond for costs had been offered, that no appeal had been allowed, and that execution had issued.

On these facts the respondent requested the court to rule that the petitioner was not entitled to a mandamus, and to render judgment for the respondent to recover his costs.

The court did not so rule, but rendered judgment in favor the petitioner, and that a peremptory mandamus issue, and that the petitioner recover his costs.

. The respondent moved for a new trial for error in the ruling of the court.

*A. F. Park* and *Lucas*, in support of the motion.

*Halsey* and *Ripley*, contra.

CARPENTER, J. Writs of mandamus and the proceedings thereon are regulated by statute. Gen. Statutes, tit. 1, secs.

372 to 374. "When the party to whom such writ is directed shall make a return sufficient on the face of it, if it shall be denied by the other party, the court shall inquire into the truth of it, and if the court shall find it to be untrue, may issue a peremptory mandamus, &c., but if the return shall be found to be true and sufficient, the court may render judgment in favor of the party complained of to recover his costs against the complainant."

The return in this case is clearly sufficient on its face. The plaintiff denies the truth of it, and that presents an issue of fact purely.

The material facts, alleged on the one hand and denied on the other, are, that no motion was made to the justice court to appeal from the judgment, that no bond with surety was offered, and that no appeal was allowed by the justice. These allegations must be found to be untrue before a peremptory mandamus can legally issue. The writ in fact issued without such a finding. Indeed not one of the essential facts stated above is found to be untrue. The court did not find the issue in favor of the plaintiff, and did not find generally that the return is untrue; nor is it found specially that an appeal was moved for and allowed and a bond taken. The motion states certain things that were said and done at the time and subsequently, which are unimportant in themselves and only material as they tend to prove the issue; but the all important fact in the case, the truth or falsity of the return, is left undetermined. It will be noticed that the judgment and formal record entered by the clerk are entirely silent on this subject, so that it nowhere appears that the issue was found one way or the other.

Upon the whole case, as thus stated, the defendant asked the court to rule that the plaintiff was not entitled to a mandamus. The court ruled otherwise, and rendered judgment for the plaintiff. This ruling was manifestly erroneous.

This is not a case in which the facts and circumstances attending a transaction are stated, the issue found, and the appropriate judgment rendered upon such finding; if it was we could not disturb the judgment. It may be said that the

court must have found the issue in favor of the plaintiff, or the judgment would not have been rendered. But a finding by implication is not sufficient. It is a rule of pleading that facts must be alleged, and not merely the evidence of facts. Surely the facts found by the court, upon which a judgment is rendered, should be as directly stated, and with equal certainty.

A new trial is advised.

In this opinion the other judges concurred.